UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CURTIS VAN STUYVESANT,

                           Plaintiff,

            -against-

MELISSA AN CRANE, Justice of the Supreme
Court, County of New York, Civil Term, et al.,

                           Defendants.

1:23-CV-4394 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Curtis Van Stuyvesant, of Corona, Queens County, New York, who is appearing

*pro se*, filed this action against 29 defendants seeking damages as well as declaratory and

injunctive relief.[1] Plaintiff purports to assert claims under 42 U.S.C. §§ 1983, 1985, and 1986;

the Rehabilitation Act; the Americans with Disabilities Act; the Religious Freedom Restoration

Act; *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); the

Federal Tort Claims Act ("FTCA"); claims of violations of federal criminal law under 18 U.S.C.

§§ 241, 242, 245, and 249, as well as under the Racketeer Influenced and Corrupt Organizations

Act; and civil claims under state law.

The 29 named defendants include Justices of the New York Supreme Court, New York

County; those judges' law clerks; the current Clerk of the New York Supreme Court, Appellate

Division, First Department ("First Department"); the current Clerk of the United States Court of

Appeals for the Second Circuit (Defendant Catherine O'Hagan Wolfe); current and former New

York County District Attorneys and a former New York County Assistant District Attorney

---

[1] Plaintiff originally filed his complaint in the United States District Court for the Eastern District of New York. By order dated May 24, 2023, that court transferred this action to this court. *Van Stuyvesant v. Crane*, No. 23-CV-3633 (E.D.N.Y. May 24, 2023).

(including Defendants Cyrus Vance, Jr., Alvin Bragg, and Hillary Hassler); private attorneys; two unidentified New York City Police Officers; the Commissioner of the New York City Department of Health & Mental Hygiene ("DHMH"); the Executive Deputy Commissioner of DHMH's Division of Mental Hygiene; the DMMH General Counsel; the DHMH Acting Chief Equity and Strategy Officer; a former Chief Administrative Judge of the New York Supreme Court, New York County, Criminal Division; an Administrative Justice of the New York Supreme Court, New York County, Civil Division; the Presiding Justice of the First Department; the Chief Administrative Judge of the Courts of New York State; the New York State Attorney General; the New York State Governor; and the City of New York.

By order dated May 25, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons discussed below, the Court dismisses this action, but grants Plaintiff 60 days' leave to replead the specified claims under federal law, as well as associated claims under state law, in an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.[2] 28 U.S.C. § 1915(e)(2)(B); *see*

---

[2] Plaintiff seeks, in part, as injunctive relief, "an order classifying [his] complaint . . . as a non-prisoner civil rights complaint that is not restricted by the Prison Litigation Reform Act [("PLRA")]." (ECF 1, at 259.) With respect to that statute, the term "prisoner" refers to "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or [a] diversionary program." 28 U.S.C. § 1915(h). A litigant is considered to a be a prisoner under the PLRA if he fits that definition at the moment that he files his complaint. *See Gibson v. City Mun. of N.Y.*, 692 F.3d 198, 201 (2d Cir. 2012) (quoting *Harris v. City of New York*, 607 F.3d 18, 21-22 (2d Cir. 2010)). Because Plaintiff, who is a former prisoner, was no longer in custody at the time that he filed his complaint, he is not subject to the PLRA.

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475, has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff's 262-page complaint, which includes various attachments, focuses in large part on certain individuals Plaintiff deems responsible for his state court conviction and sentence, his

unsuccessful state court appeal and post-conviction collateral litigation, and his unsuccessful

attempt at federal *habeas corpus* relief. Taken together, the Court views the statements in the

complaint as an attempt to hold others to account for Plaintiff's unsuccessful litigation.[3] (*E.g.*,

ECF 1, at 1-16.) The complaint is replete with vulgar, anti-Semitic, and misogynistic references

that the Court will not repeat here, as they are not material to any legal claim or theory.

In light of Plaintiff's assertions in the section of his complaint in which he states his

causes of action (ECF 1, at 236-58), the Court construes the complaint as asserting claims of

federal constitutional violations and conspiracy under 42 U.S.C. § 1983 and *Bivens*, claims of

conspiracy under 42 U.S.C. § 1985, associated claims under 42 U.S.C. § 1986, claims under the

FTCA, claims of violations of federal criminal law, and claims under state law.

Plaintiff references many individuals in the complaint who are not named as defendants.

He also seeks the criminal prosecution of at least some of the named defendants, accusing them

of corruption and other malfeasance. (*Id.* at 185-209.) Plaintiff further seems to assert civil

claims on behalf of another person, someone named Trevor Whittingham.[4] (*Id.* at 212-17.)

---

[3] On July 6, 1999, Plaintiff was convicted, after a jury trial in the New York Supreme Court, New York County, of two counts of scheme to defraud in the first degree, four counts of grand larceny in the third degree, four counts of grand larceny in the fourth degree, two counts of attempted grand larceny in the third degree, and of practicing or appearing as an attorney-at-law without being admitted and registered; the court sentenced Plaintiff to an aggregate prison term of 10 to 20 years. *See People v. Van Stuyvesant*, 297 A.D.2d 559 (1st Dep't 2002). On September 19, 2002, the First Department affirmed Plaintiff's judgment of conviction as well as a January 12, 2000, decision of the trial court denying Plaintiff's motion to vacate his conviction brought under Section 440.10 of the New York Criminal Procedure Law. *Id.* The New York Court of Appeals denied leave to appeal on January 14, 2003. *People v. Van Stuyvesant*, 99 N.Y.2d 586 (2003). Plaintiff later sought federal *habeas corpus* relief from his conviction in this court under 28 U.S.C. § 2254. On September 7, 2007, the Honorable Lewis A. Kaplan of this court denied Plaintiff Section 2254 *habeas corpus* relief. *Van Stuyvesant v. Conway*, No. 03-CV-3856, 2007 WL 2584775 (S.D.N.Y. Sept. 7, 2007), *appeal dismissed*, No. 07-4467-pr (2d Cir. Jan. 4, 2008).

[4] Plaintiff alleges that his:

Finally, Plaintiff seeks to assert claims arising from an incident, which allegedly occurred on or

about March 24, 2023, in which two New York City police officers, as well as employees of the

DHMH, visited Plaintiff, at his home, in Queens County, and threatened him with confinement

in a psychiatric hospital. (*See id.* at 217, 234-44.) Plaintiff asserts that this incident occurred after

he sent written communications to at least some of the named defendants apparently accusing

them of corruption and other malfeasance.

## DISCUSSION

**A.    Claims brought on behalf of Trevor Whittingham**

      To the extent that Plaintiff asserts claims on behalf of Trevor Whittingham, the Court

must dismiss those claims. The statute governing appearances in federal court, 28 U.S.C. § 1654,

"allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a

governmental regulatory body, and that by a person representing himself.'" *Lattanzio v. COMTA*,

481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305,

1308 (2d Cir. 1991)). A person who is not admitted to practice as a lawyer cannot bring suit on

behalf of another person. *See Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010); *United States ex*

*rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *Iannaccone v. Law*, 142 F.3d

553, 558 (2d Cir. 1998).

---

only connection to Whittingham is through their mutual friendship with Mr.
Chase who is also a British educated barrister and solicitor at law who controls a
Real Estate Investment Firm [REIT] base[d] in Connecticut. Plaintiff does not
have any financial stake in Whittingham['s] condominium development project.
His involvement was simply as an amicus curia in furtherance of his private
attorney general anti-public corruption activities exposing corruption, bribery,
fraud, obstruction of justice, violation of honest service, bias, racism, bigotry,
[and] xenophobia in New York State Unified Court System.

(ECF 1, at 216.)

Plaintiff, who seems to allege that he is admitted to the bars of foreign jurisdictions, does not allege that he is admitted to the bar of this court or of another federal or state court, or that he has been admitted to this court *pro hac vice*. Accordingly, to the extent that Plaintiff asserts claims on behalf of Trevor Whittingham, the Court dismisses those claims without prejudice.

**B.     Private prosecution**

The Court must dismiss Plaintiff's claims in which he seeks the criminal investigation and prosecution of any of the defendants.[5] Plaintiff cannot initiate a prosecution in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Neither Plaintiff nor the Court can direct prosecutors to initiate a criminal proceeding against the defendants because prosecutors possess discretionary authority to bring criminal actions and they are "immune from control or interference by citizen or court. . . ." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, because Plaintiff lacks standing to cause the criminal prosecution of others, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 618-19 (1973), the Court dismisses, for lack of subject matter jurisdiction, any claims in which Plaintiff seeks the criminal investigation and prosecution of any the defendants, *see* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim.") (internal quotation marks and citation omitted).

**C.     Challenge to conviction**

The Court construes Plaintiff's complaint, in part, as asserting claims of constitutional violations, under 42 U.S.C. § 1983, in which Plaintiff, who is no longer in custody pursuant to

---

[5] Plaintiff accuses the defendants of violations of federal criminal law under 18 U.S.C. §§ 241, 242, 245, and 249, as well as under the Racketeer Influenced and Corrupt Organizations Act. (ECF 1, at 55.)

his state court judgment of conviction, seeks declaratory relief that essentially challenges that conviction.

To the extent that Plaintiff seeks declaratory relief in an effort to challenge his state court conviction, the *Rooker-Feldman* doctrine requires the dismissal of such claims for relief because they challenge the final orders and judgments of the state courts as to Plaintiff's conviction, direct appeal of that conviction, and as to his state court post-conviction collateral litigation. Under the *Rooker-Feldman* doctrine, a federal district court lacks authority to review a final state court order or judgment where the plaintiff seeks relief that invites the federal district court to reject or overturn such a final state court order or judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005); *see also Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 644 n.3 (2002) ("The *Rooker-Feldman* doctrine . . . recognizes that 28 U.S.C. § 1331[,] [the statute granting federal district courts' federal question jurisdiction,] is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments . . . ."); *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021) (The *Rooker-Feldman* doctrine "bars federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court [of the United States] is the only federal court with jurisdiction over such cases." (citing 28 U.S.C. § 1257))); *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002) ("The [*Rooker-Feldman*] doctrine reflects the principle set forth in 28 U.S.C. § 1257 that the Supreme Court [of the United States] is the only federal court that has jurisdiction to review state court judgments, unless otherwise provided by Congress, *see, e.g.,* 28 U.S.C. § 2254 (habeas corpus review).") (citation omitted). The *Rooker-Feldman* doctrine "precludes a United States district court from exercising subject-matter jurisdiction. . . ." *Exxon Mobil Corp.*, 544 U.S. at 291. This includes when a plaintiff seeks relief

that invites a federal district court to reject or overturn a final decision of a state court as to a post-conviction collateral motion, *see Armstrong v. Lebowtiz*, 17 F. App'x 55, 56 (2d Cir. 2001) (summary order); *Strauss v. Dwyer*, No. 1:21-CV-0414, 2021 WL 3635167, at *3-4 (N.D.N.Y. Aug. 17, 2021), *report & recommendation adopted*, 2021 WL 4502279 (N.D.N.Y. Oct. 1, 2021); *Clemmons v. Albany Cnty. Dist. Attorney's Office*, No. 1:16-CV-0884, 2016 WL 5717265, at *1 (N.D.N.Y. Sept. 29, 2016).

District court review of claims is barred under the *Rooker-Feldman* doctrine when four requirements are met: (1) the plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a final state court order or judgment; (3) the plaintiff invites district court review and rejection of the final state court order or judgment; and (4) the final state court order or judgment was rendered before the district court proceedings commenced. *Dorce*, 2 F.4th at 101 (internal quotation marks and citation omitted).

In seeking declaratory relief with regard to his state court conviction, direct appeal of that conviction, and his state court post-conviction collateral litigation, Plaintiff challenges the state courts' final decisions as to such state court litigation. The *Rooker-Feldman* doctrine bars this Court from reviewing such challenges. The Court therefore dismisses Plaintiff's claims for declaratory relief that essentially challenge his state court conviction, under the *Rooker-Feldman* doctrine, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Exxon Mobil Corp.*, 544 U.S. at 291.

## D.    Prosecutorial immunity

To the extent that Plaintiff asserts claims for damages under 42 U.S.C. § 1983 against former New York County District Attorney Cyrus Vance, Jr,. current New York County District Attorney Bragg, and/or former New York County Assistant District Attorney Hillary Hassler, arising from the decision to criminally prosecute Plaintiff, their actual prosecution of him, their

litigation on behalf of the State of New York with respect to Plaintiff's direct appeal of his state court conviction, and as to the State's opposition to his state court post-conviction collateral motion(s), the Court dismisses such claims under the doctrine of prosecutorial immunity. Under this doctrine, prosecutors are absolutely immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it") (internal quotation marks and citations omitted). This includes immunity from suit for damages as to a prosecutor's work on a direct appeal of a criminal conviction and as to defending a conviction from collateral attack. *See Warney v. Monroe Cnty.*, 587 F.3d 113, 122 (2d Cir. 2009); *Buari v. City of New York*, 530 F. Supp. 3d 356, 381 (S.D.N.Y. 2021) ("The actions of [the prosecutors] . . . in connection with the Second 440.10 Motion are protected by absolute immunity because they were 'performed in defending a conviction from collateral attack.'" (quoting *Warney*, 587 F.3d at 122)). In addition, under this doctrine, prosecutors are absolutely immune from suit for acts that may be administrative obligations, but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that prosecutors' direction as to where a criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and they were therefore shielded by absolute immunity (citing, *inter alia*, *Van de Kamp*)).

Here, Plaintiff's claims against former District Attorney Vance, current District Attorney Bragg, and former Assistant District Attorney Hassler are based, in part, on actions within the scope of their former or current official duties and are, in part, associated with the decision to criminally prosecute Plaintiff, their actual prosecution of him, their defense of Plaintiff's conviction on direct appeal, and their opposition to his state court post-conviction collateral motion(s). Accordingly, the Court dismisses such claims under Section 1983 because they seek monetary relief against defendants who are immune from such relief, *see* 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, are frivolous, *see* § 1915(e)(2)(B)(i); *Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that a claim against a prosecutor dismissed under the doctrine of prosecutorial immunity is frivolous under § 1915(e)(2)(B)(i)).

## E.      Claims under the FTCA

The Court must dismiss Plaintiff's claims for damages against Second Circuit Clerk of Court Catherine O'Hagan Wolfe in her official capacity under the doctrine of sovereign immunity. This doctrine bars federal courts from hearing all suits against the federal government, federal agencies, and federal officers sued in their official capacities except where sovereign immunity has been waived. *E.g.*, *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

The FTCA provides for a waiver of sovereign immunity for certain claims for damages arising from the tortious conduct of federal officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. §§ 1346(b)(1), 2680. "The proper defendant in an FTCA claim is the United States, not individual federal employees or agencies." *Holliday v. Augustine*, No. 3:14-CV-0855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015). The Court therefore

dismisses Plaintiff's claims under the FTCA against Defendant O'Hagan Wolfe, *see* § 1915(e)(2)(B)(iii), and construes Plaintiff's those claims as brought against the United States of America.[6]

A plaintiff must comply with the FTCA's procedural requirements before a federal court can entertain his claim. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999), *abrogated on other grounds*, *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015). Before bringing a damages claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a). Such an administrative claim must be in writing, specify the amount of damages sought, and be filed within two years of the claim's accrual. 28 U.S.C. §§ 2401(b), 2675(a). A claimant may thereafter challenge the Government's final denial in a federal district court by filing an action within six months after the date of the mailing of the notice of final denial by the federal entity. *See* § 2401(b). If no written final determination is made by the appropriate federal entity within six months of the date of the claimant's filing of the administrative claim, the claimant may then bring an FTCA action in a federal district court. *See* § 2675(a). While this exhaustion

---

[6] The focus of Plaintiff's claims against Defendant O'Hagan Wolfe appears to be her alleged actions that are not associated with Plaintiff's litigation in the Second Circuit. To the extent that he asserts claims for damages against her in her personal capacity under *Bivens*, arising from actions she has allegedly taken with regard to his litigation within the Second Circuit, however, those claims are dismissed under the doctrine of judicial immunity and, consequently, as frivolous. *See* § 1915(e)(2)(B)(i), (iii); *Pierre v. EDNY*, No. 18-CV-12193, 2019 WL 1988528, at *3 (S.D.N.Y. May 3, 2019) (judicial immunity "applies to government officials, including clerks of court and other court employees, for their acts that assist a judge in the performance of his or her judicial duties"), *appeal dismissed sub nom.*, *Pierre v. Irizarry*, No. 19-1567, 2019 WL 11671990 (2d Cir. Nov. 13, 2019), *cert. denied*, 140 S. Ct. 2728 (2020); *see also Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) (claims dismissed because of judicial immunity are frivolous for the purpose of the IFP statute, 28 U.S.C. § 1915).

requirement is jurisdictional and cannot be waived, *see Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005), "the FTCA's time bars are nonjurisdictional and subject to equitable tolling," *Kwai Fun Wong*, 575 U.S. at 420.

Inasmuch as Plaintiff asserts, under the FTCA, damages claims, including claims of conspiracy, against the United States of America, arising from Defendant O'Hagan Wolfe's conduct or omissions as the Second Circuit Clerk of Court, he has not alleged facts demonstrating that he filed an administrative claim under the FTCA with a federal governmental entity for damages and received a final written determination before bringing this action, nor has he alleged facts showing that it has been more than six months since he has filed such an administrative claim. The Court therefore dismisses Plaintiff's claims under the FTCA against the United States of America under the doctrine of sovereign immunity, for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see* § 1915(e)(2)(B)(iii).

**F.     Claims under Sections 1983, 1985, and 1986 against the City of New York**

Plaintiff has failed to state a claim under 42 U.S.C. § 1983 against the City of New York. When a plaintiff sues a municipality, such as the City of New York, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). Thus, to state a claim under Section 1983 against a municipality, the plaintiff must allege facts showing: (1) the existence of a municipal policy, custom, or practice; and (2) that the policy, custom, or practice caused the violation of the

plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see*

*Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (internal citations

omitted). In addition, with respect to claims of conspiracy brought against a municipality under

42 U.S.C. § 1985 or associated claims brought against a municipality under 42 U.S.C. §1986, a

policy, custom, or practice of the municipality must be the basis for such claims. *See Owens v.*

*Haas*, 601 F.2d 1242, 1247 (2d Cir. 1979) (claims under Section 1985); *Komatsu v. City of New*

*York*, No. 1:20-CV-6510, 2020 WL 8641274, at *5 (S.D.N.Y. Oct. 22, 2020) (claims under

Sections 1983 and 1986), *aff'd sub nom.*, *Komatsu v. Cubesmart*, No. 20-3676, 2021 WL

6060603 (2d Cir. Dec. 20, 2021) (summary order).

> Plaintiff alleges that the City of New York:

> has an official policy of not question[ing] the motive[s] of prosecutors, judges,
> [c]ourt clerks and [of] . . . weaponizing New York City [p]olice officers as [its]
> Gestapo in their personal vendetta to terrorize and intimidate anyone or [any]
> dissent, . . . such as Plaintiff in retaliation for exposing [its] official public
> corruption and misconduct.

(ECF 1, at 254.) He also alleges that the City of New York:

> has a custom or practice that is not written or formally adopted but that is
> persuasive . . . [in which] . . . [p]olice [o]fficers and . . .[DHMH] agents . . . ignore
> probable cause when dispatched by prosecutors, judges, court clerks and court
> personal to forcibly remov[e] individuals from their homes for involuntary
> psychiatric mandatory observation confinement without either a court order or
> psychiatric order.

(*Id.*)

> Plaintiff's claims under Section 1983 against the City of New York fail for two reasons.

First, Plaintiff's allegations as to the existence of a custom, policy, or practice of the City of New

York are conclusory; they lack specific factual detail. *See Littlejohn v. City of New York*, 795

F.3d 297, 315 (2d Cir. 2015) (a "general and conclusory allegation that there was . . . such a

[discriminatory municipal] policy" fails to state a claim against a municipality under Section

1983). Second, the complaint does not allege that any such custom, policy, or practice of the City of New York actually caused a violation of Plaintiff's federal constitutional rights.

Plaintiff seems to assert claims, under Section 1983, that the City of New York violated his First Amendment rights, after he had sent written communications to at least some of the defendants, when it retaliated against him for those communications by sending, to his home, in Queens County, on or about March 24, 2023, two unidentified police officers and DHMH employees who threatened him with involuntary hospitalization. To state a First Amendment retaliation claim under Section 1983, a plaintiff must allege facts showing that: "(i) he has an interest protected by the First Amendment, (ii) the defendant's actions were motivated by or substantially caused by the plaintiff's exercise of that right, and (iii) the defendant's action effectively chilled the exercise of the plaintiff's First Amendment rights." *Connell v. Signoracci*, 153 F.3d 74, 79 (2d Cir. 1998) (citations omitted).

The Court assumes, for the purpose of this order, that Plaintiff's written communications were protected by the First Amendment. Plaintiff does not allege that he was ever involuntarily hospitalized, but he does allege that, as a result of the threats of involuntary hospitalization, he was compelled to withdraw a then-pending Section 440.10 motion challenging his state court conviction and a criminal complaint that he had filed, as well as cease his anti-corruption advocacy. Thus, the Court assumes, for the purpose of this order, that the alleged threats of hospitalization chilled the exercise of his First Amendment rights. Yet, Plaintiff does not allege any facts suggesting that an action by the City of New York pursuant to any of its policies, customs, or practices was "motivated by or [was] substantially caused by [his] exercise of" his First Amendment rights. *Id.*

Accordingly, because Plaintiff has failed to allege facts sufficient to state a claim under Section 1983 against the City of New York, the Court dismisses these claims for failure to state a claim on which relief may be granted. *See* 1915(e)(2)(B)(ii). In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to replead these claims in an amended complaint.

**G.     Claims of under 42 U.S.C. §§ 1983, 1985, and *Bivens*, and associated claims under 42 U.S.C. § 1986, against the individual defendants**

**1.     Personal involvement**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the individual defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official. . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

This requirement is also applicable to claims brought under *Bivens*, as well as to claims under 42 U.S.C. §§ 1985 and 1986.[7] *See Toribio Abreu v. John Doe #1*, No. 22-CV-2445, 2022

---

[7] To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a " state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). A plaintiff may seek damages, injunctive relief, and/or declaratory relief under Section 1983. A *Bivens* action, however, is a "judicially-created remedy designed to provide

WL 1597698, at *2 (S.D.N.Y. May 19, 2022) (*Bivens*); *Crichlow v. Comm'r of N.Y State D.O.C.S.*, No. 18-CV-3222, 2018 WL 11282729, at *2 (S.D.N.Y. Aug. 24, 2018) (Sections 1985 and 1986). "Conclusory allegations . . . fail to satisfy *Tangreti*'s requirement of personal involvement" as to claims under Section 1983. *Johnson v. State of Vermont*, No. 22-CV-0029, 2023 WL 3548801, at *23 (D. Vt. May 18, 2023). In addition, conclusory allegations of personal involvement do not state claims under *Bivens*, or under Sections 1985 and 1986, against individual defendants. *Moore v. Desposito*, No. 15-CV-4319, 2016 WL 4223967, at *4 (E.D.N.Y. Apr. 19, 2016) (Sections 1985 and 1986), *report & recommendation adopted*, (E.D.N.Y. Aug. 8, 2016); *Khan v. United States*, 271 F. Supp. 2d 409, 413 (E.D.N.Y. July 3, 2003) (*Bivens*); *see also Vazquez v. Parks*, No. 02-CV-1735, 2003 WL 1442087, at *9 (S.D.N.Y. Feb. 4, 2003) ("In order to survive a motion to dismiss, a plaintiff alleging a Section 1983 or a *Bivens* claim must set forth specific and detailed factual allegations of personal involvement as opposed to bald assertion[s] and conclusory terms.") (internal quotation marks and citation omitted, alteration in original), *aff'd*, 101 F. App'x 365 (2d Cir. 2004) (summary order).

Plaintiff names many individuals as defendants, but asserts each of the individuals' personal involvement in the alleged constitutional violations only in a conclusory manner. He seems to allege that all, or nearly all, of the individual defendants conspired with each other to cause two New York City police officers and DHMH employees to visit him, at his home, in

---

individuals with a cause of action against federal officials who have violated their constitutional rights. . . . The only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities." *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007). Among the other protections listed in 42 U.S.C. § 1985, the statute provides for a cause of action against those who conspire to violate a person's right to equal protection under the laws or a person's right to equal privileges and immunities under the laws. *See* 42 U.S.C. 1985(3). Section 1986 provides a remedy against individuals who "kn[ew] of and ha[d] the ability to aid in preventing a § 1985 conspiracy . . . [and] decline[d] to take steps preventing that conspiracy. . . ." *Wahad v. FBI*, 813 F. Supp. 224, 232 (S.D.N.Y. 1993); *see* 42 U.S.C. § 1986.

Queens County, and threaten him with involuntary hospitalization, in retaliation for his written communications to at least some of the individual defendants. He does not, however, allege facts showing how each individual defendant was personally and directly involved in the alleged conspiracy and/or constitutional violations. The Court therefore dismisses Plaintiff's claims against the individual defendants, under Sections 1983, 1985, 1986 and *Bivens*, for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii). In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to replead these claims in an amended complaint in which he alleges facts sufficient to show the personal and direct involvement of the named individual defendants in the alleged conspiracy and/or constitutional violations; conclusory allegations will not suffice.

### 2.   Claims of conspiracy under Sections 1983, 1985, *Bivens*, and associated claims under Section 1986

Plaintiff fails to allege facts sufficient to state claims of conspiracy under Section 1983, Section 1985, *Bivens*, and associated claims under Section 1986. To state a claim of conspiracy under Section 1983 or *Bivens*, a plaintiff must show "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages."[8] *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999) (Section 1983); *Powell v. United States*, No. 19-CV-11351, 2020 WL 5126392, at \*9 (S.D.N.Y. Aug. 31, 2020) (quoting *Pangburn*, 200 F.3d at 72, in the *Bivens* context).[9] To state a claim of conspiracy under Section 1985(3), a

---

[8] For the purpose of a claim of conspiracy under *Bivens*, the defendants must be two or more federal officers or employees.

[9] The Court assumes, for the purpose of this order, that a claim of conspiracy can still be pursued under *Bivens*. *But see Milton v. McClintic*, No. 22-CV-6077L, 2022 WL 4852825, at \*2-3 (W.D.N.Y. Oct. 4, 2022) (noting that because, in *Egbert v. Boule*, 142 S. Ct. 1793, 1807 (2022), the Supreme Court of the United States held that there is no *Bivens* cause of action for

plaintiff must allege facts suggesting the existence of: (1) a conspiracy; (2) for the purpose of

depriving the plaintiff of the equal protection of the laws, or the equal privileges or immunities

under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the

plaintiff's person or property, or a deprivation of his right or privilege as a citizen of the United

States. *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). "[T]he [Section 1985(3)] conspiracy

must also be motivated by some racial or perhaps otherwise class-based, invidious

discriminatory animus behind the conspirators' action." *Id.* (internal quotation marks and citation

omitted).

Vague and unsupported assertions of a claim of conspiracy, either under Section 1983,

Section 1985, or *Bivens*, will not suffice to state a claim upon which relief can be granted. *See,

e.g., Stoner v. Young Concert Artists, Inc.*, 626 F. App'x 293, 296 (2d Cir. 2015) (summary

order); *Wang v. Miller*, 356 F. App'x 516, 517 (2d Cir. 2009) (summary order); *Webb v. Goord*,

340 F.3d 105, 110-11 (2d Cir. 2003); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997);

*Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir. 1990). A claim under Section 1986 is only valid "if there

is a viable conspiracy claim under § 1985." *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 194 (2d

Cir. 1994).

Plaintiff's allegations about a conspiracy between the defendants are conclusory, vague,

and without detail. Plaintiff alleges, with no factual support or causal connection, that as a result

of his written communications to at least some of the defendants, the defendants conspired

together to retaliate against him by sending two New York City police officers and DHMH

employees to his home, in Queens County, on or about March 24, 2023, where they threatened

---

First Amendment retaliation, there could be no claim of conspiracy under *Bivens* arising from
such retaliation).

him with involuntarily hospitalization. The Court therefore dismisses Plaintiff's claims of

conspiracy under Section 1983, Section 1985, and *Bivens* for failure to state a claim on which

relief may be granted. *See* § 1915(e)(2)(B)(ii). Accordingly, the Court also dismisses Plaintiff's

claims under Section 1986. *See id.* The Court grants Plaintiff leave to replead these claims in an

amended complaint in which he alleges facts sufficient to state such claims.

**H.     Leave to amend**

District courts generally should grant a self-represented plaintiff an opportunity to amend

a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d

116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the

Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without

granting leave to amend at least once when a liberal reading of the complaint gives any

indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir.

2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because

Plaintiff may be able to allege additional facts to state a claim under 42 U.S.C. §§ 1983, 1985,

1986, or *Bivens*, the Court grants him 60 days' leave to assert, in an amended complaint, those

claims, including his claims of conspiracy, in which the Court has granted him leave to replead,

as well as any associated claims under state law. Plaintiff may not assert, in his amended

complaint, any claims that the Court has dismissed herein in which Court has not granted him

leave to replead.

Plaintiff's amended complaint may not exceed 20 pages; the Court imposes this page

limitation because Plaintiff's original complaint falls far short of complying with Rule 8's

requirement that a complaint consist of a short and plain statement of claim. *See* Fed. R. Civ. P.

8(a)(2). The Court also prohibits Plaintiff from using vulgar, profane, or offensive language,

including any anti-Semitic or misogynistic language, in his amended complaint. If Plaintiff does

not heed either of these restrictions, the Court will direct the Clerk of Court to enter judgment dismissing this action for failure to comply with this order. *See* Fed. R. Civ. P. 41(b); *Celli v. Cole*, 699 F. App'x 88, 89 (2d Cir. 2017) (summary order) ("Celli has shown brazen and profane resistance to the District Court's instructions, demonstrating that further efforts to convince Celli to file a reasonable complaint would be futile and making dismissal of his complaint without further leave to amend appropriate.")

## CONCLUSION

The Court dismisses this action for the reasons set forth in this order, but grants Plaintiff 60 days' leave to assert, in an amended complaint, only those claims under federal law discussed above that the Court has granted him leave to replead, and any associated claims under state law.[10] If Plaintiff fails to file an amended complaint within the time allowed, or fails to show cause to excuse such failure, the Court will direct the Clerk of Court to enter judgment dismissing this action; the judgment will dismiss Plaintiff's claims under federal law for the reasons set forth above, and it will state that the Court declines to consider, under its supplemental jurisdiction, Plaintiff's claims under state law, *see* 28 U.S.C. § 1367(c)(3).

---

[10] The Court will not consider any application for the Court to request *pro bono* counsel until after Plaintiff files an amended complaint.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 27, 2023
            New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge