UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CURTIS VAN STUYVESANT,

                 Plaintiff,

         -against-

MELISSA ANN CRAINE, Justice of the
Supreme Court, County of New York, Civil
Term, et al.,

                Defendants.

1:23-CV-4394 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

In an order dated July 27, 2023, and entered on July 28, 2023, the Court dismissed this

*pro se* action, but granted Plaintiff 60 days' leave to assert, in an amended complaint, those

claims under federal law in which the Court, in that order, granted him leave to replead as well as

any associated claims under state law. (ECF 7.) In that order, the Court also indicated that, if

Plaintiff failed to file an amended complaint within the time allowed, or failed to show cause to

excuse such failure, the Court would direct the Clerk of Court to enter judgment dismissing this

action; the judgment would dismiss Plaintiff's claims under federal law for the reasons set forth

in that order, and the Court would decline to consider, under its supplemental jurisdiction,

Plaintiff's claims under state law. (*Id.*) Plaintiff did not file an amended complaint in response to

that order. Thus, in a judgment dated October 30, 2023, and entered on October 31, 2023, the

Court dismissed this action as described above. (ECF 8.)

On August 6, 2025, Plaintiff filed a "Notice of the Filing of Criminal Violation of Civil

Rights Complaint . . . ." (ECF 12.) One day later, on August 7, 2025, he filed what appears to be

a motion seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)").

(ECF 9-11.) On November 20, 2025, Plaintiff filed a "Press Release." (ECF 13.)

The Court construes these submissions as one motion for relief from a judgment or order, brought under Rule 60(b). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (the solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings, leniency in the enforcement of other procedural rules, and deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him" (citations omitted)). After reviewing the arguments in Plaintiff's submissions, the Court denies the motion.

## DISCUSSION

Under Rule 60(b), a party may seek relief from a district court's judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Clerk of Court entered the judgment dismissing this action on October 31, 2023. (ECF 8.) One year, nine months, and six days later, on August 6, 2025, Plaintiff filed the first of the abovementioned submissions that the Court has construed as constituting his Rule 60(b) motion. Thus, to the extent that Plaintiff seeks relief under Rule 60(b)(1), (2), and/or (3), the Court denies his motion as untimely.

In addition, notwithstanding the Court's denial of relief under Rule 60(b)(1), (2), and/or (3) above, the Court has considered Plaintiff's arguments and, even under a liberal interpretation of his motion, Plaintiff has failed to show that any of the grounds listed in Rule 60(b)(1) through (5) applies. The Court therefore denies Plaintiff relief under Rule 60(b)(1) through (5).

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the Court also denies that relief. "Rule 60(b)(6) provides only grounds for relief not already covered by the preceding five [clauses]." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 211 (2025). A party moving under Rule 60(b) cannot circumvent the one-year limitation period applicable to claims brought under Rule 60(b)(1) through (3) by invoking Rule 60(b)(6). *See id.* (Rule 60(b)(6) "covers 'any *other* reason' that justifies relief; that is, Rule 60(b)(6) provides only grounds for relief not already covered by the preceding five [clauses]. Were it otherwise, the catchall provision could swallow the preceding paragraphs and 'b[e] used to circumvent' their time bars."). A party seeking such relief must show that their motion was filed within a "reasonable time," Fed. R. Civ. P. 60(c)(1), and "demonstrate 'extraordinary circumstances' justifying relief." *Honickman*, 605 U.S. at 214; *see Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

Plaintiff asserts nothing to suggest that there are extraordinary circumstances that justify vacating the Court's dismissal of this action. The Court therefore also denies relief under Rule 60(b)(6).

### CONCLUSION

The construes Plaintiff's post-judgment submissions (ECF 9-13) as one motion for relief from a judgment or order brought under Rule 60(b) of the Federal Rules of Civil Procedure, and the Court denies that motion. The Court, therefore, directs the Clerk of Court to terminate ECF 11.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    January 23, 2026
       New York, New York

                                /s/ Laura Taylor Swain
                                LAURA TAYLOR SWAIN
                        Chief United States District Judge